1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  IN RE ENRIQUE V. GREENBERG,<br><br>12                                 Debtor,<br>13<br>14<br>15 | Case No.:  20-cv-01532-GPC-MDD<br>Bankruptcy No. 19-00878-MM11<br><br>**ORDER DENYING APPELLANT'S**<br>**MOTION TO STAY**<br><br>**[ECF No. 3]** |
| 16<br>17  ENRIQUE V. GREENBERG,<br>18                              Appellant,<br>19  v.<br>20  CHAMPION MORTGAGE COMPANY,<br>21                              Appellee. | |

22
23
24
25
26
27
28

In this case, Appellant Enrique V. Greenberg ("Appellant") appeals an order of the U.S. Bankruptcy Court dismissing his Chapter 11 bankruptcy case.  ECF No. 1.  On August 11, 2020, Appellant filed an Emergency Motion to Stay Dismissal of the Case, Reinstate the Case, and Reinstate the Automatic Stay Pending Appeal ("Motion").  ECF No. 3.  On August 17, 2020, Appellee Champion Mortgage Company ("Appellee") filed a response in opposition to the Motion.[1]  ECF No. 4.  The Court finds this motion suitable for decision without oral argument pursuant to Civ. L.R. 7.1(d)(1).

For the reasons below, the Court **DENIES** Appellant's Motion.

## I. Background

The bankruptcy appeal in this case arises out of proceedings in the Chapter 11 bankruptcy case filed on February 20, 2020, Appellant's fourth bankruptcy case in the Southern District of California.[2]  ECF No. 4-9 at 5; Bk. No. 19-00878-MM11.  Appellant listed Appellee as the only secured creditor in the case.  ECF No. 4-9 at 5.  Appellee holds a claim fully secured by Appellant's property located in Temecula, California, ("Property"), which is his principal residence.  *Id.*  The Property formerly belonged to Appellant's mother, Antonia Cortes ("Cortes"), who was the borrower and sole signer of the adjustable rate note and deed of trust that granted Appellee its security interest in the Property.  *Id.*  The note provided a reverse mortgage to Cortes and provided that "[a]ll amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on January 17, 2087."  ECF No. 4-1 at 6.  The note alternatively required immediate payment in full upon the occurrence of a specified event, including if "A Borrower dies and the Property is not the principal residence of at least one surviving Borrower."  ECF

---

[1] On September 10, 2020, Appellant attempted to file a reply beyond the deadline set by the Court, ECF No. 5, without seeking leave for an extension of time to reply.  ECF No. 13.  Accordingly, the Court does not consider Appellant's belated reply brief in deciding this motion.

[2] Appellant has also previously filed for bankruptcy in the Central District of California. *See* Bk. No. 13-29013-WJ13.

No. 4-1 at 8.  On December 29, 2010, Cortes passed away, leaving no other borrowers. ECF No. 4-9 at 5; ECF No. 4-1 at 11.

Appellee filed a proof of claim in Appellant's bankruptcy case, to which Appellant objected.  ECF No. 4-9 at 5.  The bankruptcy court overruled that objection, and Appellant appealed that decision to this Court.  *See* Case No. 3:20-cv-506-GPC-MDD. Proceedings continued in the bankruptcy court.  On April 28, 2020, Appellant filed his motion to approve the Fourth Amended Individual Chapter 11 Combined Plan of Reorganization and Disclosure Statement ("Plan"), to which Appellee objected.  ECF No. 4-3; ECF No. 4-9 at 6.  The Plan did not provide for repayment of Appellee's loan on the effective date of the Plan, but rather repayment at a variable interest rate over the course of 30 years.  *See* ECF No. 4-3.  On May 26, 2020, Appellee filed a motion to dismiss Appellant's bankruptcy case.  ECF No. 4-8.  On August 6, 2020, the bankruptcy court granted Appellee's motion to dismiss.  *Id.*  On August 7, 2020, Appellant appealed to this Court.  ECF No. 1.

On August 7, 2020, Appellant filed an emergency motion with the bankruptcy court to (1) stay the order of dismissal in the case, (2) reinstate the case, and (3) reinstate the automatic stay pending appeal.  ECF No. 3, Ex. 1.  The bankruptcy court denied Appellant's motion.  *Id.*, Ex. 2 at 39.  On August 11, 2020, Appellant filed the instant Motion with this Court.  *Id.*  In his Motion, Appellant seeks an order staying the dismissal order in his underlying bankruptcy case, reinstating the bankruptcy case, and reinstating the automatic stay pending appeal of his bankruptcy case, on the grounds that he has a substantial case for relief on the merits and that absent a stay he would have little or no time to protect his interest in the property by means of refinancing or selling to pay off Appellee.  *Id.* at 3–4.

## II. Legal Standard

In determining whether to grant a stay pending appeal, a court must consider (1) whether the movant has made a "strong showing that he is likely to succeed on the merits;" (2) whether the movant will suffer irreparable injury absent a stay; (3) whether a

stay would result in substantial harm to non-moving parties; and (4) whether a stay is in the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *see also In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008). The Federal Rules of Bankruptcy Procedure provide that a movant must ordinarily first apply to the bankruptcy court for a stay pending appeal. Fed. R. Bankr. P. § 8007(a)(1)(A). When the bankruptcy court denies the motion, the appellate court typically reviews that denial for abuse of discretion. *In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980).

## III. Discussion

### A. Likelihood of Success on the Merits

Appellant argues that he has made a substantial case for relief on the merits, asserting that the bankruptcy court made several errors that merit reversal of its dismissal of his bankruptcy case. ECF No. 3 at 4. Appellee argues that Appellant's assertions of error in the decision dismissing his bankruptcy case are unfounded and do not undermine the multiple grounds for dismissal cited in the bankruptcy court's order. ECF No. 4 at 10.

In order to succeed on his appeal of the dismissal of his bankruptcy case, Appellant would need to show that the dismissal was based on an error of law or a clearly erroneous factual determination. *See In re Contractors Equip. Supply Co.*, 861 F.2d 241, 243 (9th Cir. 1988). The bankruptcy court dismissed Appellant's bankruptcy case on the grounds that Appellant filed the bankruptcy case in bad faith, that the bankruptcy estate suffered losses unlikely to be rehabilitated, and that dismissal was in the best interests of the creditor. ECF No. 4-9 at 3, 7–10. Appellant argues this decision was erroneous because the Plan did not involve an impermissible impairment or modification of Appellant's claim and thus should have been confirmed over Appellee's objection. ECF No. 3 at 11.

A bankruptcy case can be dismissed if the debtor did not file the case in good faith for a proper bankruptcy purpose. *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). The fact that a debtor filed a bankruptcy case merely as a litigation tactic to stay other proceeding can constitute cause for dismissal. *Id.* (citing *In re Wally Findlay Galleries*

4

*(New York), Inc.*, 36 Bankr. 849, 851 (Bankr. S.D.N.Y. 1984)).  "Dismissal for a lack of good faith in filing is a matter for the bankruptcy court's discretion."  *In re Stolrow's, Inc.*, 84 B.R. 167, 170 (B.A.P. 9th Cir. 1988).  "[T]he question of good faith is factual and [the appellate court] review[s] for clear error."  *In re Marshall*, 721 F.3d 1032, 1046 (9th Cir. 2013) (quoting *id.*) (internal quotation marks omitted).

The Bankruptcy Appellate Panel of the Ninth Circuit in *In re Stolrow's* laid out several factors to consider when determining if a debtor filed the bankruptcy case in bad faith.  "[T]he factors which are usually present in cases not filed in good faith and which may be considered in a motion to dismiss for cause" include:

(1) The debtor has only one asset.
(2) The secured creditors' lien encumbers that asset.
(3) There are generally no employees except for the principals.
(4) There is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.
(5) There are few, if any, unsecured creditors whose claims are relatively small.
(6) There are allegations of wrongdoing by the debtor or its principals.
(7) The debtor is afflicted with the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.
(8) Bankruptcy offers the only possibility of forestalling loss of the property.

*In re Stolrow's, Inc.*, 84 B.R. at 171.  In dismissing Appellant's case, the bankruptcy court found that Appellant's main asset was the Property, which is encumbered by Appellee's lien. ECF No. 4-9 at 9.  The bankruptcy court also found that Appellant lacked available sources of income to sustain a confirmable plan of reorganization, which would necessarily entail paying Appellee in full, and that bankruptcy would be the only possibility to stop foreclosure of the property. *Id.*  The court also noted that the present case was Appellant's fifth unsuccessful bankruptcy filing. *Id.*

Appellant does not challenge most of these findings in his Motion.  Instead, Appellant's arguments on appeal mainly challenge the bankruptcy court's findings that Appellant's plan could not be confirmed and that any plan would require payment of the

debt in full plus interest to Appellee, which underlie the bankruptcy court's analysis of the grounds for dismissal.  ECF No. 3 at 5.  A plan can only be confirmed without creditor consent if it does not impair the creditor's rights.  11 U.S.C. 1126(a), (f).  "For a debtor to render . . . a creditor [otherwise entitled to accelerated payment] 'unimpaired' and unable to object to the debtor's plan, the debtor must cure the default but may not 'otherwise alter the legal, equitable, or contractual rights' of the creditor."  *In re New Invs., Inc.*, 840 F.3d 1137, 1142 (9th Cir. 2016) (citations omitted).  Further, 11 U.S.C. § 1123(b)(5) provides that a Chapter 11 plan may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence."  11 U.S.C. § 1123(b)(5).

Here, Appellant cannot fulfill the obligations of the underlying loan agreement absent payment in full by the Plan's effective date because the event triggering the immediate payment provision–Cortes's death–is irreversible. 11 U.S.C. § 1123(d).  "Reinstatement" of the January 17, 2087 maturity date would impair Appellee's rights because the loan agreement provided that Appellee had an immediate right to repayment upon Cortes's death–her death being "the time originally contemplated by the parties to the contract" for payment of the debt.  ECF No. 4-1 at 4; *In re Seidel*, 752 F.2d 1382, 1384 (9th Cir. 1985).  The Plan's extended payment schedule thus would be an impermissible modification rather than a cure.  The cases cited by Appellant do not support his argument.  Several involve bankruptcy cases brought under Chapter 13 rather than Chapter 11.  *E.g.*, *In re Nelson*, 59 B.R. 417, 420 (B.A.P. 9th Cir. 1985); *In re Keita*, No. 12-19970-PM, 2013 WL 1788033 (Bankr. D. Md. Apr. 26, 2013).  Chapter 13 plans, unlike Chapter 11 plans, may modify a loan secured by the debtor's principal residence by extending the repayment schedule.  *In re Crump*, 529 B.R. 106, 112 (Bankr. D.S.C. 2015); 11 U.S.C. § 1322(c)(2).  Other cases cited by Appellant, though brought under Chapter 11, do not involve reverse mortgages, a loan arrangement in which the creditor expects to be paid in full upon the death of the borrower.  *E.g.*, *Matter of Madison Hotel Assocs.*, 749 F.2d 410, 418 (7th Cir. 1984); *In re Hewitt*, 16 B.R. 973 (Bankr. D. Alaska

1982); *In re Lennington*, 288 B.R. 802, 806 (Bankr. C.D. Ill. 2003); *In re LaPorta*, 578 B.R. 792, 793 (Bankr. N.D. Ill. 2017).   In those cases, the courts found that the creditors' rights would not be impaired because the plans of reorganization would essentially restore the creditors to the position they were in prior to the debtors' default, primarily by paying back past due amounts and interest.   *See In re Hewitt*, 16 B.R. at 977.   But in the case of a reverse mortgage like the one at issue, there is no curable default once the borrower dies absent a plan that provides for immediate payment.   A non-borrower's resumption of loan payments is not a substitute for the creditor's right to receive payment upon the death of the borrower.   The Plan does not intend to clear away a temporary crisis caused by a debtor's default, *see id.*, but would allow Appellant to entirely eliminate the provision requiring payment in full upon Cortes's death.   Appellant's proposed treatment would therefore likely modify Appellee's rights under the loan agreement and the Plan would not be confirmable over Appellee's objection.   Appellant has thus failed to show that he has a substantial probability of success in demonstrating that the bankruptcy court's finding of bad faith was an abuse of discretion.

The bankruptcy court also found cause to dismiss Appellant's case on the grounds that there has been a "substantial or continuing loss to or diminution of the estate and [an] absence of a reasonable likelihood of rehabilitation."   11 U.S.C. § 1112(b)(4)(A);   ECF No. 4-9 at 9−10.   The bankruptcy court found the estate was suffering continuing losses because Appellant has not been making payments to Appellee.   ECF No. 4-9 at 9.   The court further found that Appellant had not formulated a confirmable plan, and had not shown a willingness to formulate a confirmable plan.   *Id.* at 9−10.   These two findings show that the bankruptcy estate is experiencing losses and that Appellant has "nothing to reorganize" as he has not expressed a willingness or ability to pay Appellee in full through his reorganization.   *See In re USA Commercial Mortg. Co.*, 452 F. App'x 715, 724 (9th Cir. 2011); *In re Bay Area Material Handling, Inc.*, 76 F.3d 384 (9th Cir. 1996). The Court thus finds Appellant has not put forth a substantial case for demonstrating that the bankruptcy court abused its discretion in finding this basis to dismiss.

Lastly, the bankruptcy court properly considered the interests of the creditors in determining whether dismissal was appropriate.  ECF No. 4-9 at 10; *In re Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).  Appellee argued that dismissal was in its best interests because the bankruptcy was largely a two-party dispute and Appellant had no other creditors.  ECF No. 4-4 at 10.  Appellant has not put forth any argument to refute these contentions, but merely argues that Appellee would not be harmed by reinstatement of the case.  However, Appellee does continue to be harmed by its inability to pursue state court remedies to collect on the note.  *See* ECF No. 4-9 at 10.  As such, the Court cannot find the bankruptcy abused its discretion in determining that dismissal was appropriate.

The Court finds that Appellant has not shown a likelihood of success on the merits of his appeal.

### B. Irreparable Injury

Appellant argues that he is at risk of irreparable harm in the absence of a stay because he would have "little to no time to protect [his] interest in the real property by means of refinancing or selling to pay off the creditor."  ECF No. 3 at 4.  Appellee argues that Appellant has had more than a year and a half to seek refinancing of his property and pay Appellee in full.  ECF No. 4 at 15.

The movant must establish that irreparable harm is likely absent a stay.  *Alliance for the Rockies*, 622 F.3d at 1049.  In considering Appellant's motion to stay, the bankruptcy court noted that although the possibility that Appellant may lose his home would be a serious injury, Appellant was seeking refinancing and thus has other options to save his home.  ECF No. 3, Ex. 2.  The Court recognizes that the prospect of losing one's home would be irreparable injury.  But Appellant has not demonstrated that he is at imminent risk of losing his home, given his ability to seek refinancing, and instead only raises concerns about a potential refinancing delay.  ECF No. 3 at 3.  The possibility of irreparable harm here thus does not outweigh the Court's finding that Appellant has presented little likelihood of success on the merits of his appeal.

### C. Harm to Non-Moving Party and Public Interest

Appellant argues that Appellee will not be harmed if the dismissal is stayed pending appeal because there is equity in the property and there are no missed monthly payments. ECF No. 3 at 3. Appellee asserts it will be substantially harmed because Appellant continues to engage in bad-faith litigation across multiple cases, running up costs and fees, and because the value and related equity of the property may decline. ECF No. 4 at 15−16. Appellant further asserts that the public interest would be served by a stay because public policy favors home ownership and protecting homeowner equity. ECF No. 3 at 3. Appellee argues that the public interest favors preventing Appellant from continuing to use the bankruptcy courts for an improper purpose. ECF No. 4 at 16.

Appellant has the burden of showing that the balance of equities, considering both the interests of the opposing party and the public, tips in his favor. *See Nken*, 556 U.S. at 434. The Court recognizes that litigation related to the Property and loan has been ongoing for years, and that the bankruptcy court has found that Appellant has no valid bankruptcy purpose. ECF No. 4-9 at 10. The borrower on the note, Cortes, passed away nearly ten years ago, and Appellee and its predecessors-in-interest have thus far been unable to collect the full amount due as a result of the ongoing bankruptcy cases. The Court therefore agrees with the bankruptcy court, which found that the equities weigh in favor of denying a stay. ECF No. 3 at 39.

Thus, the Court finds that a stay would both harm Appellee and be contrary to the public interest.

## IV. Conclusion

Accordingly, the Court cannot find that the bankruptcy court abused its discretion in denying Appellant's motion for an emergency stay of his bankruptcy dismissal. The Court likewise finds that, in view of the factors outlined above, a stay is not warranted. The Court therefore **DENIES** Appellant's Motion.

\ \ \

\ \ \

1    **IT IS SO ORDERED.**

2   Dated:  September 23, 2020

3                            Hon. Gonzalo P. Curiel

4                            United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28