UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENRIQUE V. GREENBERG,<br><br>　　　　　　　　　　　　Debtor, | Case No.: 20-cv-01532-GPC-MDD<br>Bankruptcy No. 19-00878-MM11<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER OF DISMISSAL** |
| ENRIQUE V. GREENBERG,<br><br>　　　　　　　　　　　　Appellant,<br>v.<br>CHAMPION MORTGAGE COMPANY,<br><br>　　　　　　　　　　　　Appellee. | |

Appellant Enrique V. Greenberg ("Greenberg") appeals an order of the U.S. Bankruptcy Court dismissing his Chapter 11 bankruptcy case. ECF No. 1. The Court finds this motion suitable for decision without oral argument pursuant to Civ. L.R. 7.1(d)(1). For the reasons below, the Court **AFFIRMS**.

\ \ \

\ \ \

## I. Background

The bankruptcy appeal in this case arises out of proceedings in the Chapter 11 bankruptcy case filed on February 20, 2020, Greenberg's fourth bankruptcy case in the Southern District of California.[1]  Bk. No. 19-00878-MM11.  Greenberg listed Appellee Champion Mortgage Company ("Champion") as the only secured creditor in the case. Bk. No. 19-00878-MM11, ECF No. 206 at 4.  Champion asserts a claim fully secured by Greenberg's property located in Temecula, California, ("Property"), which is his principal residence.  Bk. No. 19-00878-MM11, Claims Register, Claim 2-2.  The Property formerly belonged to Greenberg's mother, Antonia Cortes ("Cortes"), who was the borrower and sole signer of the adjustable rate note and deed of trust that granted Greenberg its security interest in the Property.  *Id.*  The note provided a reverse mortgage to Cortes and provided that "[a]ll amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on January 17, 2087."  *Id.* at 17.  The note alternatively required immediate payment in full upon the occurrence of a specified event, including if "A Borrower dies and the Property is not the principal residence of at least one surviving Borrower."  *Id.* at 19.  On December 29, 2010, Cortes passed away, leaving no other borrowers.  Bk. No. 19-00878-MM11, ECF No. 206 at 4.

Champion filed a proof of claim in Greenberg's bankruptcy case, to which Greenberg objected.  Bk. No. 19-00878-MM11, Claims Register, Claim 2-2.  The bankruptcy court overruled that objection, and Greenberg appealed that decision to this Court.  *See* Case No. 3:20-cv-506-GPC-MDD ("Related Case").  Proceedings continued in the bankruptcy court.  On April 28, 2020, Greenberg filed his motion to approve the Fourth Amended Individual Chapter 11 Combined Plan of Reorganization and Disclosure Statement ("Plan"), to which Champion objected.  Bk. No. 19-00878-MM11, ECF Nos. 146, 153.  The Plan did not provide for repayment of Champion's loan on the effective

---

[1] Appellant has also previously filed for bankruptcy in the Central District of California. *See* Bk. No. 13-29013-WJ13.

date of the Plan, but rather repayment at a variable interest rate over the course of 30 years. *See* Bk. No. 19-00878-MM11, ECF No. 146 at 5. On May 26, 2020, Champion filed a motion to dismiss Greenberg's bankruptcy case. Bk. No. 19-00878-MM11, ECF No. 154. On August 6, 2020, the bankruptcy court granted Champion's motion to dismiss finding, among other things, that Greenberg was prosecuting the case in bad faith. Bk. No. 19-00878-MM11, ECF No. 206. On August 7, 2020, Greenberg appealed to this Court. ECF No. 1.

On September 10, 2020, Greenberg filed his opening brief. ECF No. 12. On October 8, 2020, Champion filed their opening brief. ECF No. 15. On October 23, Greenberg filed a reply brief. ECF No. 18.

On February 2, 2021, the Court issued an order in the Related Case affirming in part and vacating and remanding in part the bankruptcy court's order overruling Greenberg's objection to Champion's proof of claim with respect to the Property. Case No. 3:20-cv-506-GPC-MDD, ECF No. 43. Specifically, the Court found that the record was insufficient to conclude on appeal that Champion had standing to file the proof of claim, and thus the Court vacated and remanded on the question of Champion's standing. *Id.* at 22. On February 8, 2021, the Court ordered the parties to file limited additional briefing on the issue of what effect the February 2, 2021 order in the Related Case has on this appeal of the bankruptcy court's order of dismissal, and the parties did so. Case No. 3:20-cv-506-GPC-MDD, ECF Nos. 44, 47, 49.

**II. Legal Standard**

The Court has jurisdiction to review a bankruptcy court's final orders pursuant to 28 U.S.C. § 158(a). On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Havelock v. Taxel*, 67 F.3d 187, 191 (9th Cir. 1995); Fed. R. Bankr. Proc. 8013. "A finding of fact is clearly erroneous when, after reviewing the evidence," the Court is "'left with the definite and firm conviction that a mistake has been committed.'" *In re Contractors Equip. Supply Co.*,

861 F.2d 241, 243 (9th Cir. 1988) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

The question of whether a petition was filed in good faith is a question of fact reviewed for clear error, and a bankruptcy court's decision to dismiss a case as a bad faith filing is reviewed for abuse of discretion. *See In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994); *In re Marshall*, 721 F.3d 1032, 1045 (9th Cir. 2013).

### III. Discussion

On appeal, Greenberg contends the bankruptcy court erred in dismissing his case because it misapplied the law relating to whether his proposed plan of reorganization could be confirmed over Champion's objection. ECF No. 12 at 5. Champion responds that the bankruptcy court properly dismissed the case upon finding that Greenberg was prosecuting the case in bad faith, that the estate was suffering a continuing loss without a reasonable likelihood of rehabilitation, and dismissal was in the best interests of the creditors. ECF No. 15 at 15–16.

### A. The Bankruptcy Court's Order of Dismissal

In its order granting Champion's motion to dismiss, the bankruptcy court first found that Greenberg's proposed plan of reorganization could not be confirmed over Champion's objection. Bk. No. 19-00878-MM11, ECF No. 206 at 6. The bankruptcy court then determined that two grounds justified dismissal of Greenberg's bankruptcy case. *See id.* at 7–9.

First, the Court determined that Greenberg's lack of good faith in filing the bankruptcy case supported dismissal. *Id.* at 8. The bankruptcy court noted that to determine whether the case had been filed in bad faith, it was required to consider the totality of the circumstances based on the following factors:

> (1) The debtor has only one asset.
> (2) The secured creditors' lien encumbers that asset.
> (3) There are generally no employees except for the principals.
> (4) There is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.

4

>  (5) There are few, if any, unsecured creditors whose claims are relatively small.
>  (6) There are allegations of wrongdoing by the debtor or its principals.
>  (7) The debtor is afflicted with the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.
>  (8) Bankruptcy offers the only possibility of forestalling loss of the property.

*Id.* at 7 (quoting *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (B.A.P. 9th Cir. 1988)).

The bankruptcy court found that Greenberg's main asset was the Property, which was encumbered only by Champion's lien. *Id.* at 8. Additionally, the bankruptcy court noted that although Greenberg had sufficient income to make payments, Greenberg had not been making payments during the pendency of the case and the monthly payment scheme proposed under his plan of reorganization was not permissible because Greenberg was required to pay the claim in full. *Id.* The bankruptcy court also found that bankruptcy was the only possibility of stopping foreclosure of the Property. *Id.* Lastly, the bankruptcy court found that this was Greenberg's fifth[2] unsuccessful bankruptcy filing and noted that bad faith had been found in the past. *Id.*\

Second, the bankruptcy court determined that there was substantial or continuing loss or diminution of the estate and an absence of a reasonable likelihood of rehabilitation, justifying dismissal under 11 U.S.C. § 1112(b)(4). *Id.* The bankruptcy court found that continuing losses were shown because Greenberg was not making payments to Champion despite his accrual of cash assets. *Id.* The bankruptcy court also determined that a continuance of the reorganization effort was not justified, and thus the loss to the estate was not likely to be rehabilitated, because Greenberg had thus far refused to propose a plan that would pay Champion in full, and "through five bankruptcy

---

[2] The bankruptcy court and the parties alternatively refer to Greenberg's present bankruptcy case as either his fourth or fifth filing. *E.g.*, ECF No. 15 at 10. This discrepancy is due to the fact that Greenberg filed for bankruptcy in the Central District of California prior to his four petitions in the Southern District. *See* Bk. Nos. 6:13-BK-29013-wj (Bankr. C.D. Cal.), 14-00260-MM7 (Bankr. S.D. Cal.), 15-04631-MM11 (Bankr. S.D. Cal.), 15-06578-MM11 (Bankr. S.D. Cal.), 19-00878-MM11 (S.D. Cal.).

cases has indicated no interest in pursuing this claim in favor of endless litigation." *Id.* at 8–9.

Lastly, the bankruptcy court concluded that dismissal on the grounds of bad faith filing or continuing loss to the bankruptcy estate was appropriate because Champion was Greenberg's only creditor, and dismissal would allow it to exercise its state law remedies, and because Greenberg would need to pay Champion in full regardless of how he proceeded. *Id.* at 9.

**B. The Bankruptcy Court's Dismissal for Bad-Faith Filing**

1. <u>Effect of February 2, 2021 Order</u>

In considering the merits of this appeal, the Court must resolve whether the February 2, 2021 order in the Related Case, which vacated and remanded the bankruptcy court's implicit finding that Champion had established standing to file its proof of claim, requires the Court to remand the case to the bankruptcy court or whether the bankruptcy court's order of dismissal can be affirmed even absent any conclusion that Champion had standing to file the proof of claim. The Court requested the parties file additional briefing following the Court's February 2 order because it appeared possible that the bankruptcy court's order of dismissal may have been based in part on the assumption that Champion had standing to file a proof of claim. Champion argues that the two bases for dismissal cited by the bankruptcy court, namely that Greenberg had filed the bankruptcy case in bad faith and that there was a substantial or continuing loss or diminution of the estate and an absence of a reasonable likelihood of rehabilitation, are not disturbed by the Court's decision on the issue of standing. *See* Case No. 3:20-cv-506-GPC-MDD, ECF No. 47. Greenberg argues that in light of the Court's February 2 order, the Court should stay the order of dismissal of his bankruptcy case, reinstate the case, and reinstate the automatic stay pending further bankruptcy proceedings but did not provide legal argument. Case No. 3:20-cv-506-GPC-MDD, ECF Nos. 49, 50.

As described above, the bankruptcy court cited several factors in support of its finding that Greenberg's latest Chapter 11 petition was not filed in good faith.

Specifically, the bankruptcy court considered that Greenberg's proposed plan of reorganization was unconfirmable as it sought to impermissibly modify Champion's claim and that Greenberg had not been making payments to Champion. ECF No. 206 at 8. Given that the Court's February 2, 2021 order vacated in part the bankruptcy court's order overruling Greenberg's objections to Champion's claim, this factor no longer clearly favors a finding of a lack of good faith because the bankruptcy court has yet to redetermine whether Champion has standing to file a proof of claim, and thus whether the bankruptcy court would allow its claim is an open question. However, the bankruptcy court cited a number of other factors that supported its finding of bad faith that are independent of whether Champion's claim is ultimately allowed or disallowed in the bankruptcy proceeding. The bankruptcy court noted that Greenberg's main asset is the Property and Champion is the sole creditor whose lien encumbers the Property; that bankruptcy is the only means to stop foreclosure of the property; and that this is Greenberg's fifth successive unsuccessful bankruptcy filing, and bad faith had been found in his previous cases. *Id.*

Thus, although some of the factors cited by the bankruptcy court were potentially contingent on Champion having an allowed claim in the bankruptcy case, several others exist even if Champion's standing to file a proof of claim remains disputed. The Court therefore will proceed to consider whether these other factors could have supported the bankruptcy court's determination. *Cf. In re Wenegieme*, No. 17-CV-2100 (RJS), 2018 WL 9536800, at *3 (S.D.N.Y. Jan. 9, 2018) (suggesting that even if one bad faith ground was not applicable, bankruptcy court's conclusion that case was filed in bad faith was clearly supported on other grounds).

2. <u>Whether Bankruptcy Court's Finding of Bad Faith was Clearly Erroneous</u>

Although not specifically provided for in Section 1112(b) of the bankruptcy code, the Ninth Circuit has held that a debtor's lack of good faith in filing a bankruptcy petition can constitute cause for dismissal. *See In re Marsch*, 36 F.3d at 828. The question of whether a bankruptcy petition was filed in good faith is a factual one. *In re Stolrow's*

*Inc.*, 84 B.R. at 170. The debtor's subjective intent is not the determinative factor. *In re Marsch*, 36 F.3d at 828. Rather, the question is whether the filing seeks "to achieve objectives outside the legitimate scope of the bankruptcy laws." *Id.*

"The existence of good faith depends on an amalgam of factors and not upon a specific fact." *Id.* (quoting *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986)); *see also Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (quoting *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984)) ("[T]here is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'"). The general purpose of bankruptcy is to "to facilitate rehabilitation or reorganization of [a debtor's] finances and to promote a 'fresh start' through the orderly disposition of assets to satisfy creditors." *See Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986). As noted by the bankruptcy court, the non-exhaustive list of factors delineated in *In re Stolrow's* can help guide a court's determination of whether a case was filed in good faith or for an improper purpose. *See In re Stolrow's, Inc.*, 84 B.R. at 171. In addition, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") has also found the following factors relevant: "(1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) the presence of egregious behavior." *In re Prometheus Health Imaging, Inc.*, No. BAP CC-14-1576-FKIKU, 2015 WL 6719804, at *4 (B.A.P. 9th Cir. Nov. 2, 2015) (citing *In re Welsh*, 711 F.3d 1120, 1129 n.45 (9th Cir. 2013)).

Here, Greenberg has not put forth any argument or evidence to challenge the bankruptcy court's finding that he did not file his petition in good faith, aside from his contentions related to the confirmability of his plan and a conclusory assertion of good

faith. *See* ECF No. 18 at 10. Regardless of the merits of Greenberg's argument that his proposed plan of reorganization did not impermissibly modify Champion's claim, other factors supported the bankruptcy court's conclusion that Greenberg's petition did not have a valid bankruptcy purpose. The Property is Greenberg's primary asset, and Champion's lien alone encumbers the Property. Bk. No. 19-00878-MM11, ECF No. 146 at 18. Aside from Champion, there were no other creditors listed in the case. *See generally id.* Champion states that it intends to pursue its state court remedies with respect to its lien on the Property, which leaves bankruptcy as the only possibility to prevent foreclosure. *See* ECF No. 15 at 15. In fact, as the bankruptcy court noted, Greenberg suggested in his Disclosure Statement that he filed the bankruptcy cases to stop foreclosure of the Property. *See* Bk. No. 19-00878-MM11, ECF No. 206 at 7; ECF No. 146 at 16–17. Although "[p]etitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtor[]," in this case the debtor is a repeat filer and the issues—including Greenberg's contentions regarding Champion's entitlement to enforce the Note—could more effectively be resolved in state court, not through bankruptcy. *In re Sullivan*, 522 B.R. 604, 616 (B.A.P. 9th Cir. 2014) (quoting *In re Stolrow's, Inc.*, 84 B.R. at 171); *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 583 (B.A.P. 9th Cir. 1995).

The bankruptcy court's finding of bad faith in Greenberg's previous bankruptcy case, and the BAP's order affirming its dismissal, supports the Court's conclusion that the bankruptcy court did not clearly err in dismissing the present bankruptcy case. In Greenberg's 2015 Bankruptcy Case, Greenberg had attempted to file a proof of claim on then-creditor U.S. Bank's behalf in the amount of one dollar, but the bankruptcy court granted U.S. Bank's motion to withdraw the claim so that it could proceed in state court. Bk. No. 15-06578-MM11, ECF No. 134 at 3. The bankruptcy court later dismissed Greenberg's bankruptcy case on the ground that not been filed in good faith. Bk. No. 15-06578-MM11, ECF Nos. 206, 191 at 5. In affirming, the BAP explained:

> The record clearly evidences Debtor's intent to forum shop by invoking the automatic stay with the filing of his petition and attempting to have the bankruptcy court, rather than the state court, determine the extent and validity of U.S. Bank's lien. Those issues are purely state law issues easily resolved by the state court. This was Debtor's fourth successive bankruptcy filing in two years, which, based on its timing, was likely filed to impede U.S. Bank's settlement with the chapter 7 trustee and frustrate its efforts to reform the deeds of trust. It is apparent that Debtor's case had no reorganizational purpose.

*In re Greenberg*, No. 3:15-BK-06578-MM, 2017 WL 3816042, at *6 (B.A.P. 9th Cir. Aug. 31, 2017).  Greenberg's circumstances have not meaningfully changed since his prior bankruptcy case.  Then, as now, Greenberg's purpose does not appear to be to reorganize his finances but rather to have the creditor's claims disallowed and to relitigate the issue settled in the 2015 Compromise Order.

Accordingly, Greenberg's argument regarding the confirmability of his plan does not undermine the bankruptcy court's factual finding that Greenberg had not filed the bankruptcy case in good faith.  Taken together, the other factors cited by the bankruptcy court are sufficient to support its determination that Greenberg's fifth bankruptcy filing was made not for the purposes of reorganizing his estate, but the purpose of continuing litigation to avoid foreclosure.  The Court therefore concludes that the bankruptcy court did not clearly err in finding that Greenberg's bankruptcy petition was not filed in good faith.[3]

    3.  <u>Whether Bankruptcy Court's Dismissal of the Case was an Abuse of Discretion</u>

Before dismissing the case, the bankruptcy court was required to consider whether dismissal would be in the best interests of the estate and its creditors. *See In re Sullivan*, 522 B.R. at 612.  Greenberg does not argue that the bankruptcy court erred in concluding that dismissal was in the best interests of the creditors or the estate, and thus he may have

---

[3] Because the Court concludes that the bankruptcy court's order of dismissal on the ground of bad faith should be affirmed, it need not reach the alternative ground identified by the bankruptcy court regarding continuing loss to the estate under 11 U.S.C. § 1112(b)(4)(A).

waived his ability to challenge this issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). In any case, the Court finds that the bankruptcy court did not abuse its discretion in dismissing the case. Here, the only creditor in the case was Champion, and the bankruptcy court accepted Champion's assertion that its interests would be best protected by dismissal so that it could pursue its state law remedies. *See* Bk. No. 19-00878-MM11, ECF No. 206 at 9. It was also not unreasonable for the bankruptcy court to conclude that the interests of the bankruptcy estate would be best served by dismissal, because the purpose would be to pay Champion in full regardless of how Greenberg proceeded. *Id.* The estate would therefore not be harmed by dismissal. Given that the bankruptcy court found Greenberg was not pursuing a legitimate bankruptcy purpose and that the issues remaining in the case could be pursued outside of the bankruptcy forum, no other factors appear to weigh against dismissal. *See In re Rand*, No. BAP.AZ-10-1160-BAPAJ, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (16th ed. 2010)) (listing factors relevant to the court's determination of the interests of creditors and the estate).

Accordingly, the Court finds that the bankruptcy court properly exercised its discretion in dismissing the case.[4]

**IV. Conclusion**

The Court therefore **AFFIRMS** the bankruptcy court's order of dismissal.

**IT IS SO ORDERED.**

Dated: April 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] Greenberg filed a "Ex Parte Application to (1) Stay the Order of Dismissal of the Case, (2) Reinstate the Case, and (3) Reinstate the Automatic Stay pending Appeal" in the Related Case. *See* Case No. 3:20-cv-506-GPC-MDD, ECF No. 50. Because the Court affirms the dismissal of the bankruptcy case, the Court DENIES the application.